## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

CHERI SMITH,

        Petitioner,

vs.                                         Civil No. 03-0142 WPJ/RHS

WILLIAM SNODGRASS, et al.,

        Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss Petition, filed March 22, 2003 [Doc. No. 10], Petitioner's  Motion for Order to Show Cause, filed March 31, 2003  [Doc. No. 12], Petitioner's Motion for Discovery, filed March 31, 2003 [Doc. No. 13], Petitioner's Motion for Order to Comply, filed April 8, 2003 [Doc. No. 16],  Petitioner's Motion for Discovery, filed April 8, 2003 [Doc. No. 18], Petitioner's Motion for Order to Show Cause, filed April 8, 2003 [Doc. No. 19],  Petitioner's  Motion  for Order for Civil and Criminal Contempt and Motion for Order to Show Cause, filed  May 20, 2003 [Doc. No. 21],  and Petitioner's Amended Motion for Immediate Stay of State of New Mexico Eleventh Judicial District Court Proceedings, filed June 5, 2003 [Doc. No. 25].  Petitioner, who is proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254.

2.  Petitioner, Cheri Smith, was incarcerated for almost one year following her convictions for embezzlement, fraud, and acting as an insurance consultant without a license. She was released from prison under parole and probationary supervision.  Respondents' Answer alleges that

Petitioner is not "in custody", however, probationary status has been held to be sufficiently "in custody" pursuant to § 2254 to permit habeas relief. <u>Olson v. Hart</u>, 965  F.2d 940, 942-43 (10th Cir. 1992). Furthermore, there is an outstanding bench warrant for Petitioner's arrest. (Answer, Exhibit M).   The Court finds that Petitioner is "in custody" and her  habeas claims can thus be properly considered by the Court.

3.   Respondents move to dismiss  Ms. Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that it is time-barred under the one-year statute of limitations period set out in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1225 (10th Cir. 1998).   AEDPA established a one year time limitation for filing federal habeas petitions and mandated that the period began to run on the "date on which the judgement [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.§2244(d)(1)(A).  The AEDPA provides for tolling of the one year period while post-conviction or collateral review is pending. 28 U.S.C. §2244(d)(2).

4.   Petitioner's Judgment, Sentence and Order Partially Suspending Sentence and Commitment to the Department of Correction was filed on February 17, 2000.  (Answer, Ex. A). Ms. Smith filed a direct appeal to the New Mexico  Court of Appeals which issued a Memorandum Opinion on November 17, 2000, sustaining her convictions on five counts and reversing her conviction on the misdemeanor count of acting as an insurance consultant without a license.  The Petitioner failed to bring the remaining issues before the New Mexico Supreme Court in a Petition for Writ of Certiorari, her time to do so expired on December 7, 2000, and her convictions became final.

5.   The pleadings and exhibits filed by Ms. Smith comprise several hundred pages of

material and her convoluted claims involve issues that arose prior to her trial, at trial, at sentencing

and in post-sentencing proceedings.   The Court has attempted to separate these issues and restate

them in legally meaningful terms, bearing in mind that  pro se pleadings, "however inartfully

pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and

can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner,

404 U.S. 519, 520-521 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because

prisoner petitions should be read "with a measure of tolerance,"  Freeman v. Dept. of Corrections,

949 F.2d 360 (10th Cir. 1991), the Court has considered Petitioner's pro se  status  and has

reviewed the complaint with some degree of leniency

   6.  The Court concludes that Petitioner's claims one through five and parts of claim six

and seven attack the validity of her 2000 convictions.  In order to avoid the one-year statute of

limitations on these claims, Ms. Smith was required to file her federal petition by December 7,

2001. Tolling of the limitations period during the pendency of state post-conviction review does

not bring Ms. Smith's petition within the one-year time limit.           7.  Petitioner did have several

matters pending in state and federal courts between December 7, 2000, the date her convictions

became final, and January 30, 2003, the date this   case was filed.  She resisted the state's efforts

to revoke her probation between September 28, 2001 and January 14, 2003, at which time a

bench warrant was issued for her failure to appear.  (Answer, exhibits C-M).    In October 2002,

she filed a petition for writ of mandamus in the New Mexico Supreme Court seeking to prevent

revocation of her probation. (Answer, Exhibit V).   Relief was denied by order of October 29,

2002. (Answer, Exhibit W). On January 17, 2003,  Petitioner filed federal a civil rights lawsuit ,

seeking to have this court order the courts of New Mexico not to revoke her probation.(Answer

3

Exhibit X).  Relief was denied by order of February 3, 2002, and Petitioner's appeal of that ruling

was denied in the Tenth Circuit Court of Appeals. (Answer Exhibits Z-BB).

8.  Petitioner's attempts to seek judicial review of the parole revocation issues do not bring

the portion of her habeas petition which attack her 2000 convictions within the one-year statute of

limitations. Even if  the Motion to Dismiss Probation Revocations (which was pending between

November 13, 2001 and March 6, 2002)  was found to toll the running of the AEDPA limitations

period, her petition would be untimely.  Petitioner's  next filing was a mandamus petition filed in

the New Mexico Supreme Court on October 22, 2002, which was clearly after the AEDPA

limitations period had run, therefore, the time it was pending in state court cannot be included in

tolling the limitations period.  Ms Smith's subsequent state and federal filings in January of 2003

came at least nine months beyond the AEDPA one year limitations period.

9.  The statute of limitations may be equitably tolled, although only "when an inmate

diligently pursues his claims <u>and</u> demonstrates that the failure to timely file was caused by

extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th

Cir. 2000) (emphasis added).  Equitable tolling is appropriate "only in rare and exceptional

circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).  Moreover, Petitioner

bears the burden of demonstrating that equitable tolling should apply,  <u>see Miller v. Marr</u>, 141

F.3d 976, 978 (10th Cir. 1998), and Ms. Smith has not demonstrated that equitable tolling is

warranted in this case.

10.  Several of these claims are unexhausted due to Petitioner's  failure to pursue post-

conviction relief in the state courts,  however, it is not possible to further exhaust within the

statutory period even if the time spent in subsequent state court proceedings is tolled.  No purpose

would be served by allowing Petitioner to move towards exhaustion of these claims and

accordingly, the Court will dismiss Petitioner's claims one through five and those portions of claims six and seven which do not involve probation revocation issues because they are time barred subject to the one-year statute of limitations of the AEDPA.

11.  Petitioner's claims eight through ten and portions of claims six and seven raise issues involving her probation and her probation revocation hearings.   These claims arose between the time when Petitioner's probation revocation hearings began ( September 2001) and the bench warrant was issued (January 2003).   Some of the remaining claims could be construed as brought under § 2241 rather than §2254 because they challenge the execution or manner in which the sentence is served, see Charles v. Chandler, 180 F.3d 753 (10th Cir.1999),  however, whether these matters are properly §2254 or §2241 claims, a one year statue of limitations period applies. The parole/probation claims are not time barred because the period of limitation, due to Petitioner's motion to dismiss parole revocation and other court filings which tolled the running of the time period, ran for less than a year on those claims. Respondent's motion to dismiss these claims on the grounds that they are time barred is not well taken. The Court, nevertheless, concludes for the following reasons that the claims do not warrant granting the writ of habeas corpus.

12.  As an initial matter, the court notes that Ms. Smith accepted the conditions of probation and did not challenge them on direct appeal.  She is consequently foreclosed from attacking those conditions in this forum.  The Court will therefore decline to rule on the validity of the probation conditions of the original sentence, and will confine its discussion to the allegedly unconstitutional process of probation revocation in this case.  The Court has reviewed the entire record, including several transcripts of the hearings held by the state court on probation revocation matters, and finds that the record contains sufficient information to resolve Petitioner's

claims and that it is unnecessary to conduct further evidentiary proceedings.

13. Petitioner claims that her bank documents were illegally searched and seized, that she was denied counsel, that the District Attorney and the Assistant District Attorney committed perjury and were guilty of prosecutorial vindictiveness, that the Interstate Compact on Parole and Probation was violated, and that other actions taken in connection with the administration and revocation of her parole violated her constitutionally protected interests.

14. Some of these claims were presented in a different context in a federal 42 U.S.C. §1983 cause of action, CIV No. 03-084 LFG/WWD, brought against a state district judge, a state prosecutor, two state agencies and two interstate compacts alleging "illegal search and seizure by district attorney", "due process and perjury" and "due process/prosecutorial misconduct" in connection with Ms. Smith's parole revocation. Ms. Smith filed a Petition for a Writ of Mandamus and Request for an Immediate Stay in that case seeking to enjoin the state court criminal proceedings. The case was dismissed with prejudice for failure to state a claim. The Tenth Circuit affirmed the decision of the district court in an unpublished opinion. Smith v.Birdsall, 2003 WL 21437212 (10th Cir. June 23, 2003).

15. Although Petitioner's claims in this case are nearly identical to the claims she asserted against different defendants in her 1983 cause of action, an analysis of the allegations in the context of a habeas petition is necessary. As an initial matter, the Court notes that Petitioner has failed to present some of her claims to the highest state court having jurisdiction and has thus failed to exhaust her state remedies. A habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or § 2254. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(citing Colemen v. Thompson, 401 U.S. 722, 731 (1991)). When the court is faced with a habeas petition containing unexhausted claims it may either (1) dismiss the

entire petition without prejudice to permit exhaustion of state remedies, or (2) deny the entire petition on the merits. Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (citing 28 U.S.C. §2254 (b)(2)). In this case, the Court finds that it is appropriate to review the merits of the petition.

16. The Judgment, Sentence and Order Partially Suspending Sentence and Commitment to the Department of Corrections, filed February 7, 2000, provided that Ms. Smith was obliged to sign a promissory note for restitution of $7,901.40 to her victims. It also provided that she should disclose to all prospective employers the nature of her conviction and parole status. Petitioner never challenged these terms of her sentence at the time of her sentencing or on direct appeal.

17. Upon release from prison, Petitioner was permitted to transfer her probation to Arizona pursuant to the Interstate Compact on Probation and Parole. Between February 2001 and September 2001, she obtained employment and met with her probation officer in Arizona. She submitted money orders for $1.00 each month for restitution, which she claimed was all that she could afford, however the payments were refused by the Arizona officials who said they were unable to transmit the funds to her victims.

18. On September 9, 2001, a Motion to Revoke Probation was filed, alleging that Petitioner had violated her probation by failing to make restitution and failing to negotiate a promissory note. On October 26, 2001, an Amended Motion to Revoke Probation was filed which stated that Petitioner had paid $6.00 in restitution, had changed employers without notifying her parole officer and that she had not notified her employers of her embezzlement conviction. On November 6, 2001, Petitioner signed an Order of Probation and a promissory note agreeing to a payment schedule of sixty payments of $131.69 per month in restitution. Petitioner allegedly failed to make payment according to the agreement which she signed, and a Third

Amended Motion to Revoke Probation was filed June 6, 2002.  Several hearings were held on the motions to revoke probation.

19.  Ms. Smith contends that the state illegally searched her bank records to obtain evidence for the probation revocation hearings.  The state court judge found that Petitioner's bank records were relevant to her claim that she was not financially able to pay restitution to her victims.   Her allegations of infringement of her statutory and constitutional rights as they relate to the seizure of bank records for use in the probation revocation case is currently under consideration in the state court which could ultimately determine that the evidence should be excluded from its analysis, a decision that this Court cannot make.  Because "the exclusionary rule is a judicially created remedy rather than a personal constitutional right... [the rule is of ] minimal utility...when sought to be applied to Fourth Amendment claims in a habeas proceeding." Stone v. Powell, 428 U.S. 465, 481, 96 S. Ct. 3037, 3053 (1976).  As the Honorable John Conway stated in dismissing  Ms. Smith's §1983 lawsuit, Civ. No. 03-084 LFG/WWD, Ms. Smith's  "constitutional challenges concerning search and seizure...are the kinds of challenges that should be presented to the trial judge hearing her case."  Memorandum Opinion and Order, February 3, 2003, pg. 4. This claim should be dismissed.

20.  Petitioner also contends that she was deprived of the right to counsel at her revocation hearings.  She actually was represented by counsel at several of the proceedings. When Ms. Smith was not represented by counsel, State District Judge William C. Birdsall informed Ms. Smith that "if you are not financially qualified to have a Public Defender appointed, you will either hire an attorney with your own money or you will be here on your own."  (Transcript November 13, 2000, pg. 6,  line 20). Petitioner has no absolute right to the appointment of counsel at her revocation hearing,  Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S. Ct. 1756, 1768 (1973),

8

nevertheless, the record demonstrates that the state judge was willing to assist Ms. Smith in obtaining counsel for that purpose.  His comment that he would not allow her to "end run their requirements for your income proof to be provided to them by asking me to appoint without them approving" (Id. pg. 2, lines 14-16) was appropriate.  This claim should  be dismissed.

21.  Petitioner also contends that the prosecutor committed perjury at her hearing and that her probation revocation proceedings were motivated by prosecutorial vindictiveness. These allegations are unsupported by evidence.  Ms. Smith complains about numerous ethical violations by the Assistant District Attorney and by the District Attorney and asks this Court to suspend the prosecutors' licenses to practice law, an action that this Court clearly has no ability to perform. These claims must be dismissed.

22.  Petitioner also relies on the alleged inconsistency between her New Mexico probation requirements and the Interstate Compact on Parole and Probation to support her claim that  she is entitled to habeas relief.   Because the State of Arizona does not require probationers to inform employers of their convictions and because her attempted $1.00 payments were initially refused by her Arizona probation officer, she contends that she could not be found in violation of her probation conditions by the State of New Mexico.   She argues that this Court should rule that the Interstate Compact  effectively changed her sentence and her probation agreement when she was released to supervision by the state of Arizona. Federal habeas corpus is not an appropriate vehicle for Petitioner to prematurely litigate her defenses to probation revocation, <u>Braden v. 30th.</u> <u>Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 488, 93 S. Ct. 1123, 1126 (1973), and the Interstate Compact does not change that result.

23.  Judge Birdsall held several hearings which established that Petitioner was working, that  she had not disclosed her convictions to her employers (which was not required by her

9

Arizona Probation officer, but which was part of the probation agreement which she signed on February 8, 2001, as well as her original sentence), and that she apparently had not made a sufficient bona fide effort to pay restitution. The Supreme Court has held that probation cannot be revoked for a defendant's failure to pay restitution if such failure results from a  condition, like, poverty, which is attributable to no fault of her own.  Bearden v. Georgia,  461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed 2d 221 (1983).  The evidence in this case, however, fairly supports the conclusion  that poverty was not the cause of Petitioner's failure to make restitution.

    24.  Finally, the Court notes that the arrest warrant for Petitioner was issued when she failed to appear for her January 14, 2003  probation revocation hearing.  The issues surrounding the possible revocation of probation have still not been fully resolved by the state district judge. Ms. Smith claims she did not receive notice of the hearing, although her attorney did receive notice and claimed that he tried repeatedly to inform her of the hearing date.  He filed a Motion to Withdraw (Answer Ex. N) on January 16, 2003,  which stated in part that Petitioner was "attempting to blame counsel's office for her failure to appear on January 14, 2003 by claiming that she was not notified of the... hearing."  Judge Birdsall  allowed Petitioner's counsel to withdraw on January 21, 2003. (Answer Ex. P).  The issue of notice is the subject of pleadings filed by the Petitioner in the state court which is the appropriate forum for resolution of that issue.

     25.  Petitioner's Motion for Stay additionally claims that the prosecution has engaged in fraud, deceit, obstruction, contempt of court, and  malicious abuse of process,  that the state court has ignored her pleadings and not allowed her to be heard, and that her arrest would cause "irreparable harm including bodily injury or even death."  The record does not support such allegations.

**Recommendation**

The Court recommends that Respondents' Motion to Dismiss **[Doc. 11]** be GRANTED and Petitioner's challenge to her convictions   should  be DISMISSED WITH PREJUDICE on the finding that Petitioner's application for Writ of Habeas Corpus is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).   The Court further recommends that Petitioner's remaining claims regarding her parole revocation should be DISMISSED WITH PREJUDICE for failure to state a claim. Petitioner's  pending motions should be denied as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_Robert Hayes Scott_____
UNITED STATES MAGISTRATE JUDGE