IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERI SMITH,

    Petitioner,

vs.                                        Civil No. 03-0142 WPJ/RHS

WILLIAM SNODGRASS, et al.,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION REGARDING**
**MOTION TO SET ASIDE JUDGMENT**

THIS MATTER comes before the Court on consideration of Petitioner's Motion to Set Aside Judgment ("Motion"), filed March 22, 2005 **[Doc. 36]**.[1] On September 25, 2003, this Court dismissed Ms. Smith's Petition for Writ of Habeas Corpus ("Petition"). (See **[Docs. 32, 33]**.) On December 1, 2004, the United States Court of Appeals for the Tenth Circuit affirmed the denial of the Petition. (See **[Doc. 38]**.) Ms. Smith is proceeding *pro se*. In her Motion, Petitioner requests this Court "to set aside [its] judgment . . . and grant the Petition for Writ of Habeas Corpus" on the basis of "newly discovered evidence from the State of New Mexico Eleventh Judicial District Court record which supports Arizona had not filed any revocation proceedings . . . and that Arizona retained jurisdiction over Petitioner." (Motion at 1 (emphasis in original).)

Petitioner's Motion must be denied to the extent that she seeks to re-argue the merits of

---

[1] Petitioner also submitted "Appendices in Support of Motion & Brief in Support of Motion" **[Doc. 37]** and "Erratum to the Motion & Brief in Support Thereof" **[Doc. 39]**.

the underlying judgment.  See Hartzell v. Honda Motor Co. LTD, 930 F.2d 33, 1991 WL 50540 (10th Cir. Apr. 8, 1991) (unpublished disposition) (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978)).  "Following appellate disposition, . . . the judgment is no longer subject to district court amendment beyond the ministerial dictates of the mandate, which encompasses the full scope of jurisdictional power granted to the district court on remand." Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America, 962 F.2d 1528, 1534 (10th Cir. 1992) (explaining that "Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations").  Here, there was no remand and the mandate contained no ministerial dictates authorizing this Court to alter its judgment.

Moreover, it is unlikely that the court records and/or transcripts that Petitioner refers to as "newly discovered evidence" meet the requirements set forth in FED. R. CIV. P. 60(b).  See FED. R. CIV. P. 60(b)(2) (describing "newly discovered evidence [as that] which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").  Here, there is no indication that the records have been "newly discovered" or that Petitioner exercised due diligence in discovering the alleged new evidence.  Nevertheless, Petitioner appears to assert one or more new claims in requesting that this Court grant her habeas petition.[2]  Under these circumstances, the Court construes Petitioner's Motion as a second and successive habeas petition.  See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.) (per curiam), cert. denied, 525 U.S. 1024 (1998) (explaining that "a Rule 60(b) cannot be used to circumvent restrictions

---

[2] For example, Petitioner argues that the state of New Mexico has no authority or jurisdiction with respect to her probation.

imposed on successive habeas petitions") (quoting Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996)).

In order to file a second or successive § 2254 petition in this Court, the Petitioner must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit. See id.; Daniels v. United States, 254 F.3d 1180, 1186 (10th Cir. 2001) (stating that a petitioner seeking to file a second or successive habeas must "apply directly to the court of appeals, which applies the proper AEDPA substantive standard and then grants or denies" permission to proceed). To allow Petitioner to seek authorization to pursue the claims raised in her Motion, this proceeding should be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

## Recommendation

I recommend that this proceeding be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631 to allow Petitioner to seek authorization to pursue the claims raised in her Motion to Set Aside Judgment **[Doc. 36]**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                      */s/ Robert Hayes Scott*
                                                      ROBERT HAYES SCOTT
                                                      UNITED STATES MAGISTRATE JUDGE