# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHERI SMITH,

    Petitioner,

vs.                                                                                    Civil No. 03-0142 WPJ/RHS

WILLIAM SNODGRASS, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION FOR REHEARING

THIS MATTER comes before the Court on consideration of Petitioner Cheri Smith's "Motion for Rehearing & Motion for More Definite Statement from the Court with Respects to Determination of Due Process as Mandated by the Interstate Compact for Adult Offender Supervision," ("Motion for Rehearing"), filed December 13, 2005 **[Doc. 43]**. On September 25, 2003, this Court dismissed Ms. Smith's Petition for Writ of Habeas Corpus ("Petition"). (See **[Docs. 32, 33]**.) On December 1, 2004, the United States Court of Appeals for the Tenth Circuit affirmed the denial of the Petition. (See **[Doc. 38]**.) On March 22, 2005, Ms. Smith filed a "Motion to Set Aside Judgment & Brief in Support Thereof" ("Motion to Set Aside Judgment") **[Doc. 36]**. After considering the Magistrate Judge's findings and recommendations and Petitioner's objections thereto, the Court denied Petitioner's Motion to Set Aside Judgment. (See **[Docs. 40-42]**.) Ms. Smith is proceeding *pro se*.

In the Motion for Rehearing, Petitioner contends that the Court "has not made the Judgment clear with respects [sic] its ruling and due process as mandated by the ICAOS." (Motion for Rehearing at 8.) Petitioner requests "a More Definite Statement from the Court with

Respects [sic] to Determination of Due Process as Mandated by the ICAOS and how the Court has determined that due process and fraud were not violate[d] by the State of New Mexico so that Petitioner can file a complete motion, brief, or appeal in support of the ICAOS."  (Id. at 8-9.) Petitioner's Motion for Rehearing appears to challenge the Court's denial of her Motion to Set Aside Judgment.  Petitioner raises the same arguments as those raised in the Motion to Set Aside Judgment and in the "Objection to Magistrate Judge's Proposed Findings & Recommended Disposition Regarding Motion to Set Aside Judgment" **[Doc. 41]**.  These arguments have been considered and rejected by the Court.  Accordingly, Petitioner's Motion for Rehearing should be denied to the extent that she seeks to re-argue the merits of the Court's order denying the Motion to Set Aside Judgment or the underlying judgment dismissing the Petition.

To the extent that Petitioner's Motion for Rehearing asserts new or different grounds on which to base a challenge to her conviction or probation proceedings, it may be construed as a second or successive habeas petition.  See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.) (per curiam), cert. denied, 525 U.S. 1024 (1998).  However, in order to file a second or successive § 2254 petition in this Court, the Petitioner must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit.  See id.; Daniels v. United States, 254 F.3d 1180, 1186 (10th Cir. 2001) (stating that a petitioner seeking to file a second or successive habeas must "apply directly to the court of appeals, which applies the proper AEDPA substantive standard and then grants or denies" permission to proceed).

### Recommendation

I recommend that Petitioner's Motion for Rehearing **[Doc. 43]** be **denied**.  If Petitioner wishes to have the Motion for Rehearing considered as a second or successive § 2254 motion, she

should either: (1) notify this Court, at which time the Clerk of Court will be directed to transfer the Motion for Rehearing to the Tenth Circuit for consideration, or (2) apply directly to the Tenth Circuit for permission to proceed.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE