IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERI SMITH,

      Petitioner,

vs.                                            Civil No. 03-0142 WPJ/RHS

WILLIAM SNODGRASS, et al.,

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION REGARDING PETITIONER'S**
**MOTIONS FOR REHEARING AND REVIEW**

THIS MATTER comes before the Court on consideration of Petitioner's "Motion for Rehearing & *De Novo* Review," filed October 16, 2006 **[Doc. 49]** and "Amended Motion for Rehearing & *De Novo* Review ('Amended Motion')," filed October 17, 2006 **[Doc. 50]**. On September 25, 2003, this Court dismissed Ms. Smith's Petition for Writ of Habeas Corpus ("Petition"). (See **[Docs. 32, 33]**.) On December 1, 2004, the United States Court of Appeals for the Tenth Circuit affirmed the denial of the Petition. (See **[Doc. 38]**.) Ms. Smith is proceeding *pro se*.

In her motions, Petitioner apparently challenges the Court's order denying her "Motion for More Definite Statement with Respect to the Fraud." (See **[Docs. 46, 48]**). Among the numerous arguments raised by Petitioner in these motions, is one that the State of New Mexico's "filing [of] a Motion to Revoke Probation, while [Petitioner] is on Parole in . . . Arizona . . . violate[d] due process." (Amended Motion at 5). "As additional grounds for the Court to act upon this Motion," Petitioner also asserts that she "has been in Double Jeopardy by the Order of

Probation[,] . . . [that] the six month sentence is barred[,]" and concludes that the "Order of Probation [erroneously] sentences Petitioner to 5 years probation instead of 4 ½ years." (Amended Motion at 10). Petitioner has previously challenged the State of New Mexico's probation and revocation proceedings in her application for habeas corpus. Under these circumstances, the Court construes Petitioner's motions as a second and successive habeas petition. "A post-judgment motion must be treated as second or successive-and certified by an appellate panel-if it asserts or reasserts a substantive claim to set aside the movant's conviction. See Gonzalez v. Crosby, 545 U.S. 524 (2005)." United States v. Hahn, 2006 WL 2338065, at *4 (10th Cir. Aug. 14, 2006) (not selected for publication in the Federal Reporter).

Petitioner contends that these motions do not constitute second or successive petitions because she challenges "only the District Court's rulings on the Interstate Compact for Adult Offender Supervision (ICAOS) and the record of the Probation Revocation." (Amended Motion at 8-9). However, Petitioner's motions are not exempt from precertification, because Petitioner apparently seeks to ultimately resurrect the denial of her earlier filed application for habeas corpus.[1] See Hahn, 2006 WL 2338065, at *4 (citing United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005)). Petitioner's motions also allude to "Fraud by the State of New Mexico" and allege that the State "still fails to provide all documents to this Court." (Amended Motion at 9).[2] However, to the extent that Petitioner's motions constitute a challenge to the

---

[1] Petitioner moves this Court "for a Rehearing of this Case with *De Novo* Review . . . ." (Amended Motion at 11).

[2] "[I]f the post-judgment motion challenges the integrity of the § 2255 proceedings, then it is not second or successive." Hahn, 2006 WL 2338065, at *4 (citing Gonzalez, 125 S.Ct. at 2648).

integrity of the proceedings in this Court with respect to Petitioner's application for habeas corpus, such challenges have been addressed in previous orders and should be denied for the same reasons.

In order to file a second or successive § 2254 petition in this Court, the Petitioner must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit. See Daniels v. United States, 254 F.3d 1180, 1186 (10th Cir. 2001) (stating that a petitioner seeking to file a second or successive habeas must "apply directly to the court of appeals, which applies the proper AEDPA substantive standard and then grants or denies" permission to proceed). To allow Petitioner to seek authorization to pursue the claims raised in her Motion, this proceeding should be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

**Recommendation**

I recommend that this proceeding be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631 to allow Petitioner to seek authorization to pursue her claims raised in the "Motion for Rehearing & *De Novo* Review" **[Doc. 49]** and "Amended Motion for Rehearing & *De Novo* Review " **[Doc. 50]**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE